GUS KEEL, PETITIONER-DEFENDANT, v. LOUIS LEVINE,. TRADING AS IDEAL DAIRY FARMS, RESPONDENT- PROSECUTOR.

Submitted January 19, 1943—Decided May 7, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the petitioner-defendant, *Samuel J. Marantz.*

For the respondent-prosecutor, *Cox & Walburg* (*Arthur F. Mead,* of counsel).

PER CURIAM.

This is a workmen's compensation case. The Bureau dismissed the petition; but on appeal to the Pleas, Judge McGrath reversed and found in a careful analysis of the testimony that there had been a compensable accident and made an award. The matter is before us for review on writ of *certiorari.*

It is not disputed that Gus Keel, the petitioner-defendant, was employed by Louis Levine, the respondent-prosecutor, at his dairy farm and that he was injured on November 8th, 1941; that his injury was traumatic in origin and consisted of an injury to the internal semilunar cartilage of the right knee, which after treatment was ultimately found to require an operation, which was performed, and that a permanent disability has resulted. The petitioner-defendant claims that he was transporting bales of hay on an automobile-truck on the premises of the employer and that the automobile started with a jerk which caused a part of the load to fall from the truck, precipitating him to the ground also, and that in falling he struck his knee on a part of the truck which caused the injury. He claims to have reported the occurrence to the superintendent of his employer on the day of the occurrence and on the following day, which was a Sunday, and

that he was taken by him to the employer's doctor for treatment on Monday, the next day. He was unable to resume his work. On the other hand the employer claims that petitioner-defendant did not fall from the truck but that he met with his injury by wrestling with another employee during that evening; that the claim for compensation was a fraudulent one and that he had suggested to the employer that he acquiesce in order to mulct the insurance carrier. The wrestling which was referred to was shown to be a game as played in Switzerland, the native country of the petitioner, and consisted of the grasping of hands while in a sitting position and by the strength of the arms endeavoring to dislodge the opponent from his seat. There was no direct testimony that the petitioner received any injury in this manner.

The clear weight of the testimony, in our opinion, establishes the truth of the petitioner-defendant's claim, and as found by Judge McGrath. We conclude that petitioner-defendant sustained a compensable accident while employed by respondent-prosecutor which arose out of and in the course of the employment.

The judgment under review will be affirmed, with costs.